UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARDS NOEL HUGH,

        Petitioner,

    v.                                          17-CV-763-V
                                               DECISION AND ORDER

JEFF SESSIONS, Attorney General of the
United States; WALTER M. INGRAM,
Office of Enforcement and Removal
Operations Post Order Custody Review
Unit Chief, Washington, DC Field Office;
MR. THOMAS P. BROPHY, Field Office
Director Office of Enforcement and
Removal Operations, Buffalo Field Office;
DEPARTMENT OF HOMELAND
SECURITY BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT; SEAN
CALLAGHER, Designated Field Office
Director, ERO Buffalo Federal Detention
Facility; JEFFREY SEARLS, Assistant
Officer in Charge Buffalo Federal
Detention Facility; MR. SCHRADER,
Supervisory Detention and Deportation
Officer, Buffalo Federal Detention Facility;
Officer Mr. MUEHLIG, Deportation Officer
Buffalo Federal Detention Facility,

        Respondents.

---

        The pro se petitioner, Richards Noel Hugh, seeks relief from his continued administrative custody and detention pending removal under 28 U.S.C. § 2241. For the reasons set forth below, the respondents' motion to dismiss is granted, and Hugh's petition is dismissed as moot.

        On June 15, 2017, Hugh was taken into custody by the U.S. Department of Homeland Security, Immigration and Customs Enforcement. *See* Docket Item 1. In his

petition, Hugh asserted that he is a citizen of St. Thomas, U.S. Virgin Islands, and not a citizen of Jamaica as claimed by the U.S. Department of Homeland Security, Immigration and Customs Enforcement. On August 8, 2017, Hugh filed the instant petition challenging his continued administrative custody and detention pending removal. *Id.*[1]

The respondents now have moved to dismiss the petition as moot because Hugh was removed to Jamaica on or about January 25, 2018. Docket Item 8. Counsel for the respondents has submitted a copy of the United States Department of Homeland Security "Warrant of Removal/Deportation" verifying the petitioner's removal. Docket Item 8-1.

Accordingly, because Hugh now has been removed and no longer is in the custody of the United States Department of Homeland Security, his petition is moot, the respondents' motion to dismiss the petition is granted, and the petition is dismissed.[2]

---

[1] Because Hugh did not challenge his final order of removal in this Court, and because this Court would not have had jurisdiction to address such a challenge had it been brought, a stay of removal was not entered. *See* Docket Item 1; *see, e.g.*, *Morillo v. DHS & Bice Det. Ctr.*, 2006 WL 1007645, at *1 (N.D.N.Y. Apr. 17, 2006) ("Moreover, to the extent that [p]etitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Aime v. DHS*, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, [Section] 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

[2] *See Arthur v. DHS/ICE*, 713 F. Supp. 2d 179 (W.D.N.Y. 2010) (accepting report and recommendation) (finding petition for a writ of habeas corpus seeking release from detention pending removal to be moot upon removal of petitioner); *Masoud v. Filip*, 2009 WL 223006 (W.D.N.Y. Jan. 27, 2009) (accepting report and recommendation) (finding petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 seeking release from detention pending removal to be moot upon release of petitioner from detention pursuant to order of supervision); *see also Leybinsky v. ICE*, 553 Fed. App'x 108 (2d Cir. 2014) (summary order) (finding that petitioner's release from ICE custody pending removal following final order of removal moots petition for a writ of

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

The petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Federal Rule of Appellate Procedure 24.

This Court DISMISSES the petition and DENIES leave to appeal as a poor person.

SO ORDERED.

Dated: September 7, 2018
        Buffalo, New York

    *s/ Lawrence J. Vilardo*
    LAWRENCE J. VILARDO
    UNITED STATES DISTRICT JUDGE

---

habeas corpus under 28 U.S.C. § 2241, and "capable of repetition but evading review" exception to mootness doctrine does not apply).